UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 5:21-CV-00016-FDW

| | |
|---|---|
| SANDRA LEE MOREFIELD, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, Social Security Administrator, )<br>)<br>    Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Claimant Sandra Lee Morefield's Motion for Judgment on the Pleadings and Memorandum in Support (Doc. Nos. 12, 13), filed November 5, 2021, and Defendant Acting Commissioner of Social Security Andrew Saul's ("Commissioner") Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 15, 16), filed January 27, 2022. Claimant, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Claimant's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED. In so ruling, the Court also GRANTS the Commissioner's unopposed Motion for Extension of Time, (Doc. No. 14), and deems the pleadings in this case timely filed.

1

# I. BACKGROUND

On February 14, 2018, Claimant filed a Title XVI application for Supplemental Security Income ("SSI"), alleging disability beginning December 31, 2016. (Tr. 15).[1] After her application was denied initially and upon reconsideration, Claimant requested a hearing by an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 3, 2020, after which the ALJ issued an unfavorable decision on February 28, 2018, finding Claimant not disabled under the Social Security Act. (Tr. 14-25).

During the five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since December 31, 2016. (Tr. 17). At step two, the ALJ found Claimant to have the following severe impairments: "chronic respiratory disorder, other and unspecified arthropathies, anxiety and obsessive-compulsive disorders (other), learning disorder (other), and borderline intellectual functioning (other) . . . . " (Tr. 17). At step three, the ALJ determined Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 20). Then, the ALJ found Claimant had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b):

> [E]xcept: The claimant can climb ramps and stairs frequently, and climb ladders, ropes, or scaffolds occasionally; balance frequently, stoop frequently, kneel frequently, crouch frequently, and crawl frequently. The claimant must avoid concentrated exposure to dust, odors, fumes and pulmonary irritants. The claimant can perform simple, routine repetitive tasks; can interact appropriately with supervisors and co-workers, or in work situations occasionally; and can deal with changes in the work setting frequently. Time off task during the workday can be accommodated by normal breaks.

(Tr. 20-21).

---

[1] The Administrative Transcript is the administrative record used by this Court and appears on the docket at Docket Number 8. References throughout are cited by Transcript page number.

For step four, in response to a hypothetical factoring in Claimant's age, education, work experience, and RFC, the vocational expert ("VE") testified Claimant could perform requirements of representative occupations. (Tr. 28). For step five, the ALJ then asked the VE whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and RFC. (Tr. 28). The VE testified given those factors, the individual would be able to perform the requirements of representative occupations including: "tabber, 794.687-058, SVP 1, unskilled, light, with 56,020 jobs nationally; racker, 524.687-018, SVP 1, unskilled, light, with 26,010 jobs nationally; drying room attendant, 581.687-014, SVP 1, unskilled, light, with 49,500 jobs nationally" (Tr. 28). Thus, the ALJ concluded Claimant was not disabled as defined by the Social Security Act from December 31, 2016, through the ALJ's decision. (Tr. 28).

Claimant's subsequent request for review by the Appeals Council was denied, and as a result the ALJ's decision became the final decision of the Commissioner. (Tr. 85). Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g). Claimant argues the following: (1) the ALJ's RFC determination is unsupported by substantial evidence and frustrates meaningful review; (2) the ALJ discredited Claimant's symptoms pursuant to an incorrect legal standard and improperly increased her burden of proof.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not

3

re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four,

4

but the burden shifts to the Commissioner at step five.  See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'"  Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)).  In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635.  In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work.  Mascio, 780 F.3d at 635.  If the claimant meets their burden as to past work, the ALJ proceeds to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Monroe, 826 F.3d 176, 180(quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Claimant asserts two assignments of error. First, Claimant argues the ALJ's Residual Functioning Capacity assessment is unsupported by substantial evidence and frustrates meaningful review. Second, Claimant contends the ALJ erred by discrediting Claimant's symptoms pursuant to an incorrect legal standard and improperly increased her burden of proof. As discussed below, because the ALJ applied the correct legal standards and the decision is supported by substantial evidence, Claimant's assignments of error are overruled.

A. The ALJ's Residual Functional Capacity assessment

Claimant first argues the ALJ failed to adequately explain the RFC assessment and that the RFC assessment is not supported by the evidence. The ALJ determines the individual's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). Moreover, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion." Monroe, 826 F.3d 176, 189 (quoting Mascio, 780 F.3d at 636).

Relying on Dowling v. Commissioner, 986 F.3d 377 (4th Cir. 2021), Claimant argues the ALJ failed to follow the regulatory framework because the ALJ failed to cite certain regulations in assigning Claimant's RFC. In Dowling, the Fourth Circuit noted the ALJ failed to cite to 20

6

C.F.R. § 416.945 or SSR 96-8p when evaluating the RFC, and the ALJ's reliance on SSRs 96-7p and 16-3p was in error. Dowling, 986 F.3d at 387. The Fourth Circuit also found that the ALJ failed to discuss relevant and contested functions related to Dowling's ability to work when determining the RFC where there was considerable evidence demonstrating symptoms and limitations affecting the omitted functions. Id. at 387–89 (ALJ failed to discuss the functional limitation of prolonged sitting when claimant suffered from anal fissures). Although the Fourth Circuit found the ALJ's failures in Dowling warranted remand, the Dowling court nevertheless acknowledged there is no per se rule requiring remand any time the function-by-function analysis is deficient or even absent altogether. Id. at 387.

Here, contrary to Claimant's argument, the ALJ specifically cited to both 20 C.F.R. § 416.945 and SSR 96-8p in discussing the law applicable to the RFC determination. Unlike Dowling, the ALJ here engaged in a lengthy "three step process" by considering all of Claimant's impairments, providing a sufficient narrative discussion regarding each, and making a finding as to the RFC.

Claimant also argues the ALJ's assessment of the objective medical evidence is not supported by substantial evidence. Upon review, the ALJ supported her well-reasoned functional analysis with the evaluation of Claimant's symptoms—including her subjective complaints—along with medical and other record evidence, including medical records from Dr. Bates, Dr. Burgess, and Dr. Girmay, as well as psychological examination records. The ALJ also adequately followed the requirements of the Regulations when formulating the RFC assessment and sufficiently explained why the medical opinions supported her RFC determination. See Ladda v. Berryhill, 749 F. App'x 166, 172 (4th Cir. 2018) (explaining that, "[i]n Monroe, an ALJ's RFC assessment was not supported by substantial evidence when he failed to explain his decision to

7

rely on certain medical records while ignoring others and when he failed to include a narrative discussion describing how he decided to weigh the evidence," but that, "the ALJ sufficiently explained his conclusions when conducting the RFC assessment" in Ladda because he "used evidence from the record to explain his finding that [the claimant] was capable of light work," precluding remand).

Thus, to the extent the ALJ's analysis is deficient in some way by, for example, not citing to the correct source, there is no per se rule for remand and such error is harmless as the ALJ went through a reasoned analysis as required by the framework and Claimant failed to specify a non-harmless error. Dowling, 986 F.3d 377 at 387; Smith v. Colvin, No. 1:12-CV-00285-MOC, 2014 WL 1203282, at *7 (W.D.N.C. Mar. 24, 2014) (explaining that error was harmless where "remand would not lead to a different result"). Substantial evidence supports limiting Claimant to a range of light exertion work, and the ALJ's RFC analysis properly accommodated Claimant's impairments.

B. The ALJ's assessment of Claimant's symptoms

Next, Claimant argues the ALJ erred by discrediting her symptoms pursuant to an incorrect legal standard and improperly increased her burden of proof. The Fourth Circuit has "reiterate[d] long-standing [Circuit] law . . . that disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms," Arakas v. Commissioner, 983 F.3d 83, 98 (4th Cir. 2020). Long-standing precedent containing the substance of that holding clarify that, "Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that

8

impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . ." Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). In other words, under the appropriate circumstances, an ALJ may choose to rely exclusively on a claimant's subjective symptom reports to find disabling symptoms; however, Arakas does not compel ALJs to consider only subjective evidence, as such a requirement would conflict with the regulations, which plainly require ALJs to consider a variety of factors, including objective medical evidence, in evaluating the intensity, persistence, and limiting effects of symptoms. See 20 C.F.R. § 404.1529(c) (directing ALJs to assess a claimant's medical history, medical signs and laboratory findings, daily activities, testimony about nature and location of pain, medication and other treatment used to alleviate pain, along with medical opinions from examining and non-examining sources); see also 42 U.S.C. § 423(d)(5)(A) ("Objective medical evidence of pain . . . established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether [an] individual is under a disability." (emphasis added)).

Here, in compliance with controlling law, the ALJ considered the objective medical evidence as one part of her evaluation of the intensity, persistence, and limiting effects of Claimant's alleged symptoms. As detailed in the ALJ's decision, the ALJ also considered the opinion evidence of record and Claimant's daily activities. Overall, the ALJ's assessed RFC is consistent with Claimant's significant medical history and takes into account Claimant's symptoms and likely sources of exacerbation. The ALJ's assessment shows the ALJ did not *require* objective evidence to support Claimant's allegations (or otherwise use it to undermine Claimant's complaints), but that it was properly assessed as part of her consideration of all evidence of record. The ALJ's assessed RFC, which reflects the *maximum* Claimant can perform, recognizes that lifting or carrying over the light exertional level would be likely to exacerbate

9

Case 5:21-cv-00016-FDW   Document 17   Filed 09/19/22   Page 9 of 10

Claimant's symptoms. Similarly, the limitations for postural limitations are consistent with Claimant's findings and not inconsistent with her allegations. Her limited daily activities, appropriately considered by the ALJ, are less reflective of impairment-related symptoms and limitations than they are her current situation, as she engages in an array of regular activity on behalf of herself. Finally, Claimant's arguments do not present sufficient evidence to suggest that the residual functional capacity is not supported by substantial evidence. In light of Claimant's limitations, the ALJ properly considered all evidence, and substantial evidence supports the ALJ's decision that the Claimant's testimony was not consistent with the medical records.

## IV. CONCLUSION

Accordingly, because the Court finds the ALJ's determination is consistent with applicable law and is supported by substantial evidence in the record, Claimant has presented no basis for reversal or remand of the ALJ's decision.

IT IS THEREFORE ORDERED for the reasons above, Claimant's Motion for Summary Judgment, (Doc. No. 12), is DENIED; the Commissioner's Motion for Summary Judgment, (Doc. No. 15), is GRANTED; and the Commissioner's decision is AFFIRMED. In so ruling, the Court also GRANTS the Commissioner's unopposed Motion for Extension of Time, (Doc. No. 14), and deems the pleadings in this case timely filed.

IT IS SO ORDERED.

Signed: September 19, 2022

Frank D. Whitney
United States District Judge